# UNITED STATES DISTRICT COURT
for the

District of Maryland

| | | |
|---|---|---|
| XL Specialty Insurance Co. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  21-cv-3068-BAH |
| Bighorn Construction & Reclamation, LLC et al. | ) | |
| *Defendant* | ) | |

## CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT

I certify that the attached judgment is a copy of a judgment entered by this court on *(date)* November 23, 2022.

I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before this court and that no appeal has been filed or, if one was filed, that it is no longer pending.

Date:  January 9, 2023

CLERK OF COURT

_____
Signature of Clerk or Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| XL SPECIALTY INSURANCE CO., | * | |
| Plaintiff, | * | |
| v. | * | Civil No. 21-3068-BAH |
| BIGHORN CONSTRUCTION & RECLAMATION, LLC, et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **ORDER**

Upon consideration of the Motion for Summary Judgment by the Plaintiff, XL Specialty Insurance Company ("XL") (ECF 40) and the October 15, 2022 supplement thereto (ECF 41), and noting no opposition to the motion by the Defendants, Bighorn Construction and Reclamation, LLC, Bridgelink Engineering, LLC, Bridgelink Commodities, LLC, Bridgelink Investments, LLC, Bridgelink Development, LLC, Bridgelink Renewable Energy Investments, LLC, Intermountain Electric Service, Inc., Bighorn Investments and Properties, LLC, Cole W. Johnson, Cord H. Johnson and Cassie J. Hamilton (collectively, "Defendants"), it is this 23rd day of November, 2022, hereby ORDERED that the Motion be, and is, GRANTED IN PART and DENIED IN PART.

It is furthermore, ORDERED that there are no genuine disputes of material fact, and XL is entitled to summary judgment as a matter of law with respect to Count I of the Verified Complaint (Specific Performance of Collateral) and Count IV of the Verified Complaint (Exoneration). Judgment shall be and hereby is entered in favor of XL and against Defendants, jointly and severally, directing each of them, and their officers, agents, employees, attorneys

and other persons acting on their behalf, to deposit collateral with XL in the total amount of $1,626,662.98. This obligation is joint and several and a total deposit in that amount shall sufficiently cover the obligations of all eleven Defendants as to these counts. To the extent Defendants do not deposit the collateral required within fifteen (15) days of this Order, this Order shall operate as a lien, mortgage or other encumbrance on the assets of each Defendant in the amount of $1,626,662.98 and allowing XL to file such an Order with the secretary of state(s), counties, municipalities, townships, parishes, cities, and/or wherever else the Defendants' property may be located.

It is furthermore, ORDERED that there are no genuine disputes of material fact, and XL is entitled to summary judgment as a matter of law with respect to Count II of the Verified Complaint (Books and Records). Judgment shall be and hereby is entered in favor of XL and against Defendants, jointly and severally, directing each of them, and their officers, agents, employees, attorneys and other persons acting on their behalf, to provide XL with full and complete access of all of Defendants' books, records and other documents, including financial books, records, documents and accounts maintained by them or any of them in which they may have an interest for inspection and copying.

It is furthermore, ORDERED that there are no genuine disputes of material fact, and XL is entitled to summary judgment as a matter of law with respect to Count III of the Verified Complaint (Contractual Indemnity) and Count VI of the Verified Complaint (Indemnity). Judgment shall be and hereby is entered in favor of XL and against Defendant, Bighorn Construction and Reclamation, LLC, in the amount of Seven Hundred Twenty-Nine Thousand Three Hundred Seventy-Seven Dollars and Eighty-Five Cents ($729,377.85), plus post-judgment interest at the legal rate, and the costs of this action. This obligation is joint and

several and a total payment in that amount shall sufficiently cover Plaintiff's exposure on behalf of all eleven Defendants as to these counts.

It is furthermore, ORDERED that summary judgment is DENIED as moot with respect to Count V of the Verified Complaint (*quia timet*).

It is furthermore, ORDERED that Plaintiff notify the Court within fifteen (15) days of this Order whether it intends to prosecute Count VII of the Verified Complaint (Subrogation) or whether that claim can be dismissed with prejudice in light of the granting of summary judgment on Counts I, II, III, IV, and VI of the Verified Complaint.

/s/
Hon. Brendan A. Hurson,
United States Magistrate Judge

I hereby attest and certify on 1-9-2023 that the foregoing document is a full, true and correct copy of the original on file in my office and in my legal custody.
CATHERINE M. STAVLAS
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
By _____ Deputy